UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NINA SELTZER,

    Plaintiff,

        v.

VALENTINE & KEBARTAS, INC.,

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NINA SELTZER (Plaintiff), by attorneys, KROHN & MOSS, LTD., alleges the following against VALENTINE & KEBARTAS, INC., (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Gainesville, Alachua County, Florida.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and is obligate to pay a consumer debt as that term is define by 15 U.S.C. § 1692a(6).

7. Pursuant to the definitions outlined in 15 U.S.C. § 1692a(1-6), Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

8. Defendant is a national company with offices in Bradenton, Florida.

9. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant places collection calls to Plaintiff seeking and demanding payment for a credit card debt on behalf of Chase Bank.

12. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

13. On December 8, 2011, at 2:10 p.m., Defendant called Plaintiff and left a voicemail message in Plaintiff's answering machine. *See* Exhibit A.

14. In the December 8, 2011 voicemail message, Defendant failed to state the name of its company and the nature of the debt. '*See* Exhibit A.

15. In the December 8, 2011voicemail message, Defendant failed to state that the call was from a debt collector. *See* Exhibit A.

16. On December 12, 2011, at 3:22 p.m. Defendant called Plaintiff and left a voicemail message in Plaintiff's answering machine. *See* Exhibit B.

17. In the December 12, 2011 voicemail message, Defendant failed to state the name of its company and the nature of the debt. '*See* Exhibit B.

18. In the December 12, 2011voicemail message, Defendant failed to state that the call was from a debt collector. *See* Exhibit B.

19. On December 13, 2011, at 12:02 p.m., Defendant called Plaintiff and left a voicemail message in Plaintiff's answering machine. *See* Exhibit C.

20. In the December 13, 2011 voicemail message, Defendant failed to state the name of its company and the nature of the debt. '*See* Exhibit C.

21. In the December 13, 2011voicemail message, Defendant failed to state that the call was from a debt collector. *See* Exhibit C.

22. On December 14, 2011, at 12:33 p.m., Defendant called Plaintiff and left a voicemail message in Plaintiff's answering machine. *See* Exhibit D.

23. In the December 14, 2011 voicemail message, Defendant failed to state the name of its company and the nature of the debt. '*See* Exhibit D.

24. In the December 14, 2011voicemail message, Defendant failed to state that the call was from a debt collector. *See* Exhibit D.

25. Defendant directed Plaintiff to call her back at 800-731-7766, extension 205, which is a number that belongs to Defendant.

26. Defendant called Plaintiff's cellular telephone number at 352-316-XXXX.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

27. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    b. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant did not provide the identity of the caller or the nature of the debt.

    c. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

    d. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

    e. Defendant violated § 1692

WHEREFORE, Plaintiff, NINA SELTZER, respectfully requests judgment be entered against Defendant, VALENTINE & KEBARTAS, for the following:

28. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

29. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

30. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NINA SELTZER, hereby demands trial by jury in

this action.

                                                RESPECTFULLY SUBMITTED,

Dated: May 10, 2012                        By: /s/ Shireen Hormozdi
                                                  Shireen Hormozdi
                                                  Krohn & Moss, Ltd
                                                  10474 Santa Monica Blvd. Suite 401
                                                  Los Angeles, CA 90025
                                                  Tel: (323) 988-2400 x 267
                                                  Fax: (866) 861-1390
                                                  Email: shormozdi@consumerlawcenter.com
                                                  Florida Bar No. 0882461